Filed 6/29/15  P. v. Richmond CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B255882 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA396888) |
| v. | |
| EDDIE B. RICHMOND, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Craig J. Mitchell, Judge.  Affirmed.

Carey D. Gorden, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

This case comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Having reviewed the record, we affirm the judgment. We provide the following brief summation of the factual and procedural history of the case. (*People v. Kelly* (2006) 40 Cal.4th 106, 110, 124 (*Kelly*).)

## FACTUAL BACKGROUND

On April 23, 2012, about 11:00 p.m. John Keel was standing on the corner of Sixth and Main in downtown Los Angeles. He was taking photos with his cell phone camera held above his head when the phone was grabbed out of his hands from behind. Keel turned to see a man he later identified as Eddie Richmond running off with his phone. Keel yelled at Richmond to stop and chased after him. He caught up with Richmond in an alley a short distance away, and demanded his phone back. Richmond responded by punching Keel twice and running off. Keel chased after Richmond again, until he saw a policeman in a squad car and flagged him down. When the police apprehended Richmond he had Keel's phone in his pocket.

On April 21, 2012, just before 5:00 a.m., Jaime Contreras was walking home, intoxicated. Contreras came upon two men (one of whom he later identified as Richmond) smoking marijuana at the corner of Sixth and Spring Streets, and asked if he could join them. The three men moved to a nearby alley where Richmond and the other man allegedly pushed Contreras to the ground. The men held Contreras down, slapped him and gave him some "body shots." Richmond asked Contreras for his wallet. When Contreras refused to comply Richmond allegedly took a phone from Contreras's pocket. Contreras broke free, began screaming and flagged down a police officer as Richmond and the other man fled.

Contreras believed he recognized Richmond in the photographic lineup as one of the robbers, but was uncertain and unable positively to identify him.

2

## PROCEDURAL BACKGROUND

Richmond was charged by amended information with two counts of second degree robbery in violation of Penal Code section 211,[1] a felony. The information alleged that Richmond had suffered two serious or violent felony adjudications (§§ 1170.12, subds. (a)–(d), 667, subds. (b)–(i)) and two prison priors (§ 667, subd. (a)(1)). Richmond pleaded not guilty.

A jury found Richmond guilty of second degree robbery as to Keel, but not guilty as to Contreras. The trial court found true Richmond's prior strike offenses and prison priors. The trial granted Richmond's *Romero*[2] motion as to one prior strike, and sentenced him to 16 years in prison. This timely appeal followed.

## *WENDE* REVIEW

After review of the record, Richmond's court-appointed counsel filed an opening brief requesting that this court independently review the record to determine whether there are any arguable issues on appeal. (*Wende*, *supra*, 25 Cal.3d at p. 441.) On March 27, 2015, we advised Richmond he had 30 days within which to personally submit any contentions or issues he wished us to consider. To date, we have received no response from Richmond. We have examined the record in accordance with our obligations under *Wende*. We are satisfied that Richmond received adequate and effective appellate review of the judgment in this action, that his counsel fully complied with his responsibilities and that no arguable issues exist. (*Kelly*, *supra*, 40 Cal.4th at pp. 109–110; *Wende*, *supra*, 25 Cal.3d at p. 443.)

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.

**DISPOSITION**

The judgment is affirmed.

NOT TO BE PUBLISHED.

JOHNSON, J.

We concur:

ROTHSCHILD, P. J.

BENDIX, J.*

---

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

4